UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JAMES ANDREW LAMBERT, JR.,         *

Petitioner,                         *

v.                                  *     Civil Action No. PX-18-3641

WARDEN MAJOR C. ROWE,              *

Respondent.                         *
                                  ***

## MEMORANDUM OPINION

Petitioner James Andrew Lambert, Jr., a state inmate currently confined at the Maryland Correctional Training Center in Hagerstown, Maryland, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on November 26, 2018, claiming that he had been unlawfully detained at the Washington County Detention Center ("WCDC") in violation of his right to a speedy trial. ECF No. 1. On January 30, 2019, Respondent filed an answer arguing that the Petition should be denied and dismissed because Lambert's challenge to his pretrial detention is now moot. ECF No. 6. By Order dated February 1, 2019, the Court granted Lambert 28 days to respond, and Lambert has failed to do so. ECF No. 7. For the reasons set forth below, the Petition will be DENIED and DISMISSED as moot.

I.   **Background**

Lambert filed his Petition on November 26, 2018, while he detained at WCDC awaiting trial in the Washington County Circuit Court (Case No. 21-K-16-052976) for dogfighting, animal cruelty, and the illegal possession of firearms and ammunition. *See* ECF Nos. 1, 3, 6-1.[1] Lambert challenged his pretrial detention as violating his constitutional speedy trial rights. *See* ECF Nos. 1, 3.

---

[1] All citations to filings refer to the pagination assigned by the Court's electronic docketing system.

On January 25, 2019, Lambert was convicted of two counts of unlawful possession/training of a dog for dogfighting and one count of unlawful possession of a firearm. *See* ECF 6-1. The circuit court sentenced Lambert to nine years in prison, all suspended, for the firearms offense and a total of six years in prison, one year suspended, for the dogfighting offenses. *Id.* at 3-4, 8. The remaining charges were nol prossed. *Id.* at 3-8. On January 30, 2019, Lambert noted his appeal to the Maryland Court of Special Appeals. *State of Maryland v. James Andrew Lambert, Jr.*, Circuit Court for Washington County, Case No. 21-K-16-052976.[2]

## II. Discussion

Respondent argues that the Petition should be dismissed because Lambert's challenge to his pretrial detention is now moot. ECF No. 6 at ¶2. Respondent more particularly contends that because Lambert's criminal case is resolved , Lambert's constitutional claims rooted in his speedy trial rights are moot. *Id.* at ¶3. The Court agrees that the Petition must be dismissed.

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies present at all stages of review. U.S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is "moot" and dismissal is required. When an inmate challenges conditions of confinement through seeking habeas corpus relief, the case is rendered moot when the inmate has been released from the conditions which are the subject of his challenge. This is because, absent any additional collateral consequences, the basis of the inmate's grievance ceases to exist, and so nothing is left for the Court to remedy. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. App'x. 295 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. App'x. 428 (4th Cir. 2005).

---

[2] *See* http://casesearch.courts.state.md.us/inquiry.

Lambert is no longer a pretrial detainee awaiting trial. Moreover, Lambert he received his requested relief -- to have his trial. Thus, nothing is left for this Court to remedy. The Petition will be denied and dismissed as moot.

Should Lambert wish, he still may seek habeas corpus relief pursuant to 28 U.S.C. § 2254 once he has exhausted all available state court remedies. *See* ECF No. 7; *see* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal, the claim must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a Petition for Writ of Certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-201 and § 12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-302(e). If the Court of Special Appeals denies the application, no further review is available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a Petition for Writ of Certiorari to the Maryland Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

Lambert must also avail himself of state post-conviction proceedings for claims that are not appropriate for relief on direct appeal. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court where Lambert was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Court of Special

Appeals. *See* Md. Crim. Proc. Code Ann. § 7-109. If the Court of Special Appeals denies the application, no further review is available, and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, a petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams, supra*.

Lambert must also comply with a one-year filing deadline in this Court following exhaustion of his claims. *See* 28 U.S.C. § 2244(d).[3] Lambert is forewarned that the one-year filing deadline begins to run on the date his conviction is final. The one-year period is "tolled" (or not counted toward the one-year period) during the time a properly filed post-conviction petition is pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run. Once post-conviction proceedings are

---

[3] This section provides:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

completed through state court appellate review, Lambert has whatever time remains on the one-year filing clock to seek federal habeas corpus review.

### III. Certificate of Appealability

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court declines to issue a certificate of appealability because Lambert has not made the requisite showing. Lambert may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### IV. Conclusion

For the foregoing reasons, the Petition for Writ of Habeas Corpus shall be DENIED and DISMISSED as moot. The Court declines to issue a Certificate of Appealability. A separate Order shall issue.

<u>April 5, 2019</u>              <u>            /S/              </u>
Date                                                    Paula Xinis
                                                         United States District Judge